# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MELVIN A. ELKINS, JR. *and*
WANDA L. ELKINS,

    Plaintiffs,

v.                                                                       Civ. No. 19-760 GBW

WATERFALL COMMUNITY WATER
USERS ASSOCIATION, *et al.*,

    Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on Plaintiffs' Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed August 20, 2019. *Doc. 5*.

This action involves the alleged taking of Plaintiffs' water rights and other properties. Plaintiffs seek "relief from damages to real and personal properties including water system, water usage from day of Plaintiff's purchase from CCC, legal expenses, attorney fees, court costs." *Id*. at 5.

In Count II, Plaintiffs allege that Defendant D'Antonio, New Mexico State Engineer:

> was notified the [state] court had ordered Defendant [Waterfall Community Water Users Association] to withdraw their claims for water rights to Plaintiff's properties describe in his purchase from CCC. Said notices were to no avail and rejection thereof by [Defendant D'Antonio] as being definitive of non-ownership by Defendant supported their fraudulent claim thereof, allowing government grants therefor. Those

> actions deeply influenced the outcome of all [state] court cases in process. [Defendant D'Antonio] also first refused to furnish their recorded copy of Plaintiff's notice of Claim of Ownership to the water rights, a public record, to Plaintiff to assist in the pending cases in [state court].

*Id*. at 3. "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. New Mexico Taxation & Revenue Department's Motor Vehicle Div.*, 179 F. App'x 445, 446 (10th Cir. 2006).

> In Count III, Plaintiffs allege that James Waylon Counts, a state court judge:
>
> refused to recuse himself and has continued to rule against Plaintiff in every case. An acquaintance of the judge had informed the Plaintiff of the personal relationship she was aware of prior to his appointment as judge after the retirement of a judge that ruled for me before his term expired…. The judge has subsequently ruled there [are] no water rights to the property….

*Doc. 5* at 4. The Court construes this claim as directed against James Waylon Counts in his official capacity, although it notes that Judge Counts is not listed as a Defendant. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are 'taken in the complete absence of all jurisdiction.'" *Sawyer v. Gorman*, 317 F. App'x 725, 727 (10th Cir. 2008) (quoting *Mireles v. Waco,* 502 U.S. 9, 11–12 (1991)). *See also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").

2

Plaintiffs shall, within **21 days** of entry of this Order, show cause why the Court should not dismiss the claims against Defendants John D'Antonio and James Waylon Counts. Failure to timely show cause may result in dismissal of those claims.

In addition, Plaintiff Wanda L. Elkins has not signed the Complaint as required by Rule 11(a). *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Plaintiff Wanda L. Elkins shall have **21 days** from entry of this Order to sign the Complaint. Failure to timely sign the Complaint will result in the Court's striking the Complaint as to Plaintiff Wanda L. Elkins' claims.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE