IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MELVIN A. ELKINS, JR. and
WANDA L. ELKINS,

      Plaintiffs,

v.                                                                           No. 2:19-cv-00760-WJ-GBW

WATERFALL COMMUNITY WATER
USERS ASSOCIATION, *et al.*,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO REOPEN CASE

      This action involves the alleged taking of Plaintiffs' water rights and other properties.  *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 5, filed August 20, 2019.  Plaintiffs, who are proceeding *pro se*, asserted claims for monetary damages against Defendants pursuant to Section 1983.  *See* Complaint at 5.

      United States Magistrate Judge Gregory B. Wormuth notified Plaintiffs that Defendant New Mexico State Engineer John D'Antonio and Defendant State District Judge James Waylon Counts are immune from suits for monetary damages and ordered Plaintiffs to show cause why the Court should not dismiss Plaintiffs' claims against those two Defendants.  *See* First Order to Show Cause, Doc. 8, filed September 24, 2019 (noting that the Complaint did not list Judge Counts as a Defendant and liberally construing *pro se* Plaintiffs' Complaint as asserting a claim against Judge Counts in his official capacity).

      Instead of showing cause why their claims against Defendants D'Antonio and Counts should not be dismissed, Plaintiffs filed a motion for leave to file an amended complaint, Doc.10, filed October 10, 2019, which Judge Wormuth granted.  *See* Doc. 11, filed December 16, 2019.

Approximately four months after granting Plaintiffs leave to file an amended complaint, Judge Wormuth noted that Plaintiffs had not served the original Complaint nor filed an amended complaint, ordered Plaintiffs to show cause why the Court should not dismiss this case for failure to timely serve the original Complaint and for failure to file an amended complaint, and notified Plaintiffs that failure to timely show cause may result in dismissal of this case without prejudice. *See* Second Order to Show Cause, Doc. 12, 2020.  Plaintiffs did not respond to the Second Order to Show Cause by the April 21, 2020, deadline.

One day after the deadline to show cause, Plaintiffs filed a Notice of Removal and Certificate of Service which states:

> I hereby certify that on the 13th day of September 2019, I caused a true and correct copy of the Notice of Removal of New Mexico District 12, Case No. CV-2007-343, to the United States District Court (Las Cruces Division).  A hand delivered Notice of Transfer was filed on September 5th 2019 with Katina Watson, Clerk of the 12th Judicial Court.  We have served the below named Parties [sic] Counsel therefor by e-mail to on September 13, 2019 and by Priority Mail, Return Receipt Requested on September 20, 2019.

Doc. 13 ("Notice").  The Notice indicates it was served on counsel for Defendant Waterfall Community Water Users Association and counsel for Defendant New Mexico State Engineer.

The Court's review of Clerk's Office records did not find a state-court case removed by Plaintiffs to this Court on September 13, 2019.  The removed case would have been opened as a separate case and assigned its own case number.  The Court's review of state-court records also showed that Plaintiffs in this case were plaintiffs in the state-court case.  A plaintiff may not remove a case from state court.  *See* 28 U.S.C. § 1441(a) ("any civil action brought in a State court … may be removed by the *defendant* …") (*emphasis added*).

The undersigned dismissed this case without prejudice due to Plaintiffs' failure to timely show cause for not filing an amended complaint and for not filing an amended complaint. *See* Doc. 14, filed April 24, 2020.

Approximately two years and five months after dismissal of this case, Plaintiffs sent a letter to Judge Wormuth asking him to reopen this case. *See* Doc. 16, filed September 19, 2022. "A case may be reopened under Rule 60(b) for a variety of reasons." *Brewer v. City of Overland Park Police Dept.*, 24 Fed.Appx. 977, 978 (10th Cir. 2002). Rule 60 provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > **(1)** mistake, inadvertence, surprise, or excusable neglect;
> >
> > **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > **(4)** the judgment is void;
> >
> > **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > **(6)** any other reason that justifies relief.
>
> **(c) Timing and Effect of the Motion.**
>
> > **(1)** *Timing.* A motion under Rule 60(b) must be made *within a reasonable time*--and for reasons (1), (2), and (3) *no more than a year after the entry of the judgment* or order or the date of the proceeding.

Fed. R. Civ. P. 60(b, c) (emphasis added). "A Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191–92 (10th Cir. 2018).

3

The Court construes Plaintiffs' Motion to Reopen as seeking relief pursuant to Rule 60(b)(6).  Relief is barred for the first three reasons in Rule 60(b) because Plaintiffs did not file their Motion to Reopen within one year of entry of the Rule 58 Judgment in this case.  Plaintiffs have not asserted that the fourth and fifth reasons of Rule 60(b) apply, which leaves only Rule 60(b)(6).  "Rule 60(b)(6) relief is ... appropriate only when it offends justice to deny such relief." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005).

Plaintiffs assert that they did not respond to Judge Wormuth's Second Order to Show Cause because one of the Plaintiffs "was bedridden at home or in the hospital off and on for the past 2 years due to continual medical and legal stress, followed by Long Covid-19 for over 3 months with pneumonia starting in February of this year [and] recovering from those illnesses the last 4 months ... heart and neurological disorders, including 2 strokes ... beginning in 1984."  Motion at 1.

The Court finds that Plaintiffs, who have the same last name and reside at the same address, did not file their Motion to Reopen within a reasonable time after dismissal of this case.  While one of the Plaintiffs asserts health issues prevented the timely response to Judge Wormuth's Order, the Motion does not state why the other Plaintiff did not file a response or file a motion for an extension of time to respond.

The Court also finds that denying Plaintiffs' Motion to Reopen will not offend justice. Plaintiffs stated that the "dispute [between Plaintiffs and Defendant Waterfall Community Water User's Association] exists despite litigation going back to at least 1988 in" state court.  Complaint at 2; *see also* Notice of Removal, Doc. 13, filed April 22, 2020 (stating that Plaintiffs filed a notice of removal on September 13, 2019, regarding a case Plaintiffs filed in state court in 2007). Plaintiffs have not indicated which issues in this case, if any, were not litigated in state court.  Nor

4

have Plaintiffs indicated that Defendants State Engineer D'Antonio and Judge Counts are not immune from Plaintiffs' Section 1983 claims for monetary damages.

The Court denies Plaintiffs' Motion to Reopen because Plaintiffs have not shown exceptional circumstances warranting the extraordinary remedy of relief from the Rule 58 Judgment pursuant to Rule 60(b)(6).

**IT IS ORDERED** that Plaintiffs' Motion to Reopen Case, Doc. 16, filed September 19, 2022, is **DENIED.**

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**